Ms. Caran Curry Prosecutor Coordinator 323 Center, Suite 750 Little Rock, AR 72201
Dear Ms. Curry:
This is in response to your request for an opinion regarding a professional services contract between the Washington County Circuit/Chancery Court and the Office of the Prosecutor Coordinator. The particular contract in question is entered in connection with a multidisciplinary approach to investigation and treatment in cases of child maltreatment. You have asked, specifically, whether the Judge who signs the contract may sign a statement indicating that he is not presently an employee of an Arkansas state agency.
It is my opinion, based upon a review of the information you have submitted, that such a statement is unnecessary in this instance. The Arkansas Code sections governing professional services contracts are set forth in A.C.A. §§ 19-4-1701—1715 (1987 and Cum. Supp. 1991). Your question requires consideration of § 19-4-1707, which states in relevant part:
 In no event shall any state agency engage in a professional services or consultant services contract with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency.
A.C.A. § 19-4-1707(d) (1987).
This prohibition is also reflected in the definition of "contractor" under A.C.A. § 19-4-1701(2) (Cum. Supp. 1991), wherein it states:
 `Contractor' means any person or organization which executes a contract with a state agency under which the person or organization agrees to provide professional services or consultant services to the agency and the individuals performing the services are not state employees occupying regular full-time or part-time or extra-help positions provided by law. . . .
It seems clear from a reading of these provisions that the prohibition under § 19-4-1707(d) is directed toward the individual(s) performing the services under the contract. With regard to the particular contract in question, while it appears that the Judge has agreed to provide the personnel necessary for the work to be accomplished under the agreement, it may reasonably be concluded that he is not performing services under the contract such that the prohibition is implicated. Indeed, one of the documents submitted with your request indicates that the contract is entered between the office of the court and the office of the prosecuting coordinator. See Form PCS-1, Attachment II-10.1, Page 1 of 7 (stating that "[t]he agencywhich is entering into this contract has been selected by the other participating agencies to serve as the lead agency for the multidisciplinary team." Emphasis added.) This language suggests that the actual "contractor" is the court and that the Judge has signed in his capacity as head of that agency, further indicating that the Judge is not performing professional services under the contract so as to implicate § 19-4-1707(d).
It should be noted that the Judge has certified in this instance that to the best of his knowledge, no regular full-time or part-time employee of any state agency will receive any monetary benefits which would be in violation of the law as a result of execution of the contract. See Form PCS-1, Attachment II-10.1, Page 6 of 7. This certification is, in my opinion, sufficient under A.C.A. §§ 19-4-1701—1715. Because no certification is necessary regarding the Judge's employment by a state agency, it is unnecessary to decide whether such a statement may be made.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh